UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ELIZABETH KILEY,

                                   Plaintiff,

   vs.                                                                     1:24-CV-00869
                                                                                            (MAD/PJE)
AIM SERVICES, INC. and AURA ENGLESE,

                                   Defendants.

_____

**APPEARANCES:**                                         **OF COUNSEL:**

**FINN LAW OFFICES**                           **RYAN M. FINN, ESQ.**
P.O. Box 966
Albany, New York 12201
Attorney for Plaintiff

**BOND, SCHOENECK & KING, PLLC**     **ERIC M. O'BRYAN, ESQ.**
22 Corporate Woods Blvd.
Suite 501
Albany, New York 12211
Attorneys for Defendants

**BOND, SCHOENECK & KING, PLLC**     **MICHAEL D. BILLOK, ESQ.**
268 Broadway
Suite 104
Saratoga Springs, New York 12866
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 13, 2024, Plaintiff Elizabeth Kiley (hereinafter "Plaintiff") filed her complaint in this action in New York State Supreme Court in Saratoga County, alleging that she was refused a reasonable accommodation and was discharged due to disability discrimination and/or retaliation

1

in violation of the New York State Human Rights Law ("NYSHRL"). *See* Dkt. No. 2. On July 12, 2024, Defendants AIM Services, Inc. (hereinafter "Defendant AIM") and Aura Englese (hereinafter "Defendant Englese," and, collectively with Defendant AIM, "Defendants") removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a), claiming that, although not specifically mentioned in the complaint, Plaintiff's retaliation claim is, at least in part, brought pursuant to the Family and Medical Leave Act of 1993 ("FMLA"). *See* Dkt. No. 1. On August 15, 2024, Plaintiff filed an amended complaint with permission of the Court. *See* Dkt. No. 9. The amended complaint asserts causes of action for disability discrimination in violation of the NYSHRL, retaliation in violation of the NYSHRL, and retaliation in violation of the FMLA. *See id.* On September 12, 2024, Defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 13. Plaintiff filed an opposition thereto, and Defendants filed a reply in further support. *See* Dkt. Nos. 16, 17. For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

Plaintiff is a registered nurse ("RN") with over thirty years of experience. *See* Dkt. No. 9 at ¶ 5. Defendant AIM is a domestic not-for-profit corporation with its headquarters and principal place of business located at 4227 Route 50, Saratoga Springs, New York 12866. *See id.* at ¶ 2. Defendant Englese is the Human Resources Director at Defendant AIM. *See id.* at ¶ 3.

Beginning on May 17, 2021, Plaintiff was employed in the role of "RN-Health Care Coordinator" at Defendant AIM, "working with the developmentally disabled population." *Id.* at ¶ 6. "Plaintiff's responsibilities included overseeing healthcare for individuals in four residential

---

[1] The recitation of facts herein is drawn from the allegations in the amended complaint, which are presumed true at this juncture.

group homes, staff education, medication administration, and coordination with families and interdisciplinary teams." *Id.* at ¶ 7. According to Plaintiff, her position was supervisory in nature and involved minimal lifting or physical requirements. *See id.* at ¶ 8.

"On February 2, 2024, Plaintiff suffered a serious back injury at home," which required her to take disability leave. *Id.* at ¶ 10. While Plaintiff was "still out on protected medical leave," her employment was terminated on March 8, 2024, even though she kept Defendants "apprised of her medical condition." *Id.* at ¶ 11. Defendant Englese informed Plaintiff of her termination during a telephone call. *See id.* at ¶ 12.

Plaintiff claims that, during the telephone call on March 8, 2024, Defendant Englese inquired as to how Plaintiff was feeling. *See id.* at ¶ 13. After Plaintiff advised Defendant Englese that she was not feeling great, Defendant Englese stated that she saw Plaintiff's doctor's note requesting additional time out of work. *See id.* Defendant Englese also stated that Plaintiff's "30 days leave of absence i[s] up." *Id.* (internal quotation marks omitted). Plaintiff responded that she was not on a leave of absence but was "on disability." *Id.* (internal quotation marks omitted). Defendant Englese allegedly informed Plaintiff that Plaintiff had "too many limitations and since [she could not] lift [fifty pounds], [March 8, 2024, was her] last day of work." *Id.* (internal quotation marks omitted). Despite Plaintiff's protestation that she never had to lift fifty pounds to perform her job duties, Defendant Englese advised Plaintiff that she was "welcome to reapply when [she] no longer [had] any restrictions." *Id.* (internal quotation marks omitted).

Based upon this telephone call, Plaintiff alleges that "Defendants falsely claimed that Plaintiff's '[thirty]-day leave of absence' was up and terminated her employment, citing her inability to lift [fifty] pounds, a requirement Plaintiff asserts was never necessary for her job." *Id.* at ¶ 14. Plaintiff further alleges that Defendant Englese's statement that Plaintiff was welcome to

3

re-apply when she had "'no restrictions' . . . is inconsistent with the [NYSHRL]; the duty to engage in the interactive process; and the duty to provide reasonable accommodations."  *Id.* at ¶ 15.

Plaintiff claims that she required a reasonable accommodation, in the form of an unpaid leave of absence, at the time she was terminated and that she would have been able to perform all essential duties of her job in early April 2024 when she was released to return to work.  *See id.* at ¶¶ 16-26.  According to Plaintiff, this request for an unpaid leave of absence was not an open-ended request for medical leave; "she was asking for a reasonable accommodation to allow her to heal and return to work within a month."  *Id.* at ¶ 20.  Further, Plaintiff alleges that Defendants "would suffer no undue burden or harm by accommodating" her and allowing her to return to work in a capacity that did not require lifting patients.  *Id.* at ¶¶ 21-25.

### III. DISCUSSION

**A.     Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).

Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

**B.    NYSHRL Disability Discrimination**

Defendants argue that Plaintiff's first cause of action, that she was discriminated against on the basis of her disability in violation of the NYSHRL, should be dismissed because the amended complaint contains only vague and conclusory allegations.  *See* Dkt. No. 13-1 at 11-15.  Specifically, Defendants contend that "Plaintiff asserts no details regarding the duties of her position, the restrictions of her injury, or any specific details on whether she was able to perform her job duties with or without an accommodation." *Id.* at 12.  Defendants also argue that Plaintiff's request for additional medical leave in March 2024 was not a request for a reasonable accommodation because it was for an indefinite leave of absence. *Id.* at 14-15.  Plaintiff responds that Defendants failed to provide a reasonable accommodation, have not shown that a reasonable accommodation would have imposed an undue hardship, and failed to engage in an "interactive dialogue to determine whether a temporary medical leave or an accommodation for lifting by a coworker could or should be implemented."  Dkt. No. 16 at 7-11.

A plaintiff may bring an NYSHRL or ADA disability discrimination claim "based . . . on adverse employment actions [or based] on failures to accommodate." *McMillan v. City of N.Y.*, 711 F.3d 120, 126 (2d Cir. 2013).[2]  "Although the two theories are related, they are conceptually distinct." *Papaliberios v. Mount Sinai Health Sys., Inc.*, No. 23-CV-8661, 2025 WL 964114, *2 (E.D.N.Y. Mar. 31, 2025).  Plaintiff characterizes this clam as solely a "failure to accommodate claim" in her opposition to Defendants' motion to dismiss.  *See* Dkt. No. 16 at 7.  Accordingly, accepting Plaintiff's narrowing of her claim, the Court analyzes it as arising only under the latter theory.

To state a failure to accommodate claim, a plaintiff must allege (1) that she is disabled within the meaning of the NYSHRL, (2) that her employer knew about her disability, (3) that "'with reasonable accommodation, [she] could perform the essential functions of the job at issue,'" and (4) that her employer refused such accommodations.  *McMillan*, 711 F.3d at 125-26 (quoting *McBride v. BIC Consumers Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)).  In the motion to dismiss, Defendants do not contest the first two elements.  *See* Dkt. No. 13 at 11-15.  Thus, the Court need only address Defendants' argument that Plaintiff's requested accommodations were unreasonable.  *See id.*

Here, Plaintiff presents two accommodations that she claims would have allowed her to perform the essential functions of her job.  First, at the time of her termination in March 2024, Plaintiff requested "some time to heal," in the form of additional unpaid leave beyond the thirty-day leave of absence that she had already exhausted.  Dkt. No. 9 at ¶¶ 13, 16.  Second, upon return to work after the additional unpaid leave, Plaintiff alleges that she would have been able to

---

[2]  The NYSHRL contains provisions prohibiting discrimination and retaliation that are similar to those under the ADA and are, therefore, governed and analyzed using the same standards. *See Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004).

"perform[ ] all essential functions of her job except lifting of patients (which was minimal if ever necessary)[.]" *Id.* at ¶ 21.

Addressing the first purported accommodation, Plaintiff alleges that her request for additional leave was not indefinite or open-ended. *See id.* at ¶ 20. The amended complaint states that in April 2024, after she was terminated, she was "released to return to work" and, at that time, would have been able to perform the essential duties of her job with certain accommodations. *Id.* at ¶¶ 17-18. Plaintiff's own recitation of her telephone conversation with Defendant Englese does not explicitly state that Plaintiff requested leave until April 2024; her request was for an unspecified period: "some time to heal." *Id.* at ¶ 13. However, in an email dated March 1, 2024, which Defendants contend is incorporated into the amended complaint by reference,[3] Plaintiff informed Defendants that her doctor cleared her to return to work on April 2, 2024. *See* Dkt. No. 13-2 at 2. On March 8, 2024, one week after this email, Defendants terminated Plaintiff's employment. *See* Dkt. No. 9 at ¶ 13.

The Second Circuit has "never resolved the question of whether paid or unpaid leave can constitute a reasonable accommodation[.]" *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed. Appx. 5, 7 n.2 (2d Cir. 2014). "However, even assuming that a leave of absence can constitute a reasonable accommodation, that accommodation ultimately 'must enable the employee to perform the essential functions of [her] job.'" *Goodwin v. MTA Bus Co.*, No. 14-CV-

---

[3] Documents outside of the pleadings are not generally considered in the context of a motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). However, "'[a] complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are "integral" to the complaint.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (alteration omitted) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). The Court finds this email incorporated by reference because it is explicitly referenced in the conversation between Defendant Englese and Plaintiff, which is paraphrased and quoted in the amended complaint. *See* Dkt. No. 9 at ¶ 13.

7

4775, 2017 WL 1251091, *5 (E.D.N.Y. Mar. 27, 2017) (quoting *Petrone*, 568 Fed. Appx. at 7 n.2). "'[A]n individual cannot perform the essential functions of a job if [she] is completely unable to work regardless of accommodation.'" *LaVigna v. State Farm Mut. Auto. Ins. Co.*, 736 F. Supp. 2d 504, 512 (N.D.N.Y. 2010) (quoting *Henzel v. Del. Otsego Corp.*, 285 F.Supp.2d 271, 276-77 (N.D.N.Y. 2003)).

Requests for indeterminate periods of leave—as opposed to a leave of absence for a definite period of time—have been held to be unreasonable accommodations and, thus, termination after such a request does not violate disability discrimination statutes. *See Jarrell v. Hospital for Special Care*, 626 Fed. Appx. 308, 311-12 (2d Cir. 2015) (affirming district court's grant of summary judgment on ADA employment discrimination claim where accommodation sought by former employee was, in essence, an indeterminate period of leave based on one doctor's note stating the former employee would not be able to return to work for at least fourteen weeks, and former employee made no attempt to ascertain whether he would, at the end of the requested fourteen-week leave, actually be able to return to work); *Moran v. Wegmans Food Mkts., Inc.*, 65 F. Supp. 3d 327, 330-31 (W.D.N.Y. 2014) (granting motion to dismiss ADA claim where the plaintiff requested a medical leave to obtain treatment for cancer but failed to plead the essential functions of his job, or that the leave of absence would enable the plaintiff to resume the essential functions of his job); *Miller v. N.Y. State Police*, No. 14-CV-00393A, 2016 WL 2868840, *11 (W.D.N.Y. May 17, 2016) (granting motion to dismiss ADA disability discrimination claim because the plaintiff had not "alleged either the length of time for which he seeks medical leave, or that he anticipates that after the requested leave, [the plaintiff] would be able to return to work and satisfactorily perform the essential functions of his job"), *report and*

8

*recommendation adopted in part sub nom. Miller v. Kendall*, 2016 WL 4472748 (W.D.N.Y. Aug. 25, 2016).

Nevertheless, "in some circumstances, an unpaid leave of absence can be a reasonable accommodation under the ADA." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 185 n.5 (2d Cir. 2006) (collecting cases). In *Graves*, the Second Circuit noted that "the idea of unpaid leave of absence as a reasonable accommodation presents 'a troublesome problem, partly because of the oxymoronic anomaly it harbors'—the idea that allowing a disabled employee to leave a job allows him to perform that job's functions[.]" *Id.* (quotation omitted). The Circuit ultimately suggested, however, that "requiring a reasonable accommodation to be effective immediately in enabling an employee to perform the essential functions of his or her job" might be "'unreasonably narrow and impractical.'" *Id.* (quotation omitted). Thus, where a request for leave is finite and the plaintiff communicates to her employer that she will be able to return to work afterwards, courts have refused to find such requests unreasonable as a matter of law. *See, e.g.*, *Sobhi v. Sociedad Textil Lonia Corp.*, No. 13 CIV. 8073, 2014 WL 7474338, *5 (S.D.N.Y. Dec. 30, 2014)

At this stage, Plaintiff is entitled to every favorable inference. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013). Plaintiff alleges that she advised Defendants that she was disabled and required reasonable accommodations, including unpaid leave, and that she would be cleared to return to work in approximately one month. *See* Dkt. No. 9 at ¶¶ 13-26. It can be inferred from the allegations in the amended complaint that Plaintiff could have returned to work under the right circumstances. *See id.* This is sufficient to plead a colorable discrimination claim under the NYSHRL. *See Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 366 (S.D.N.Y. 2016) ("Indeed, 'there is no accommodation (whether it be indefinite leave time or any other need created by a disability) that is categorically excluded from

9

the universe of reasonable accommodation"') (quoting *Haight v. NYU Langone Med. Ctr., Inc.*, No. 13-cv-04993, 2014 WL 2933190, *18 (S.D.N.Y. June 27, 2014)).

Alternatively, Defendants argue that, because Plaintiff was receiving disability benefits, she cannot bring an NYSHRL disability discrimination claim based on a theory that she was able to work with accommodations. *See* Dkt. No. 13-1 at 13-14. The cases upon which Defendants rely, however, involve a previous version of the NYSHRL which did not impose on an employer the obligation to provide an employee with reasonable accommodations. *See id.*; *see also Kwarren v. American Airlines*, 303 A.D.2d 722, 722-23 (2d Dep't 2003).

Prior to 1998, Executive Law § 292(21) defined "disability," in relation to employment discrimination, as a disability which did "'not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.'" *Kwarren*, 303 A.D.2d at 723 (quotation omitted). Prior to the obligation for employers to provide reasonable accommodations, the fact that an employee qualified for disability benefits from sources such as the Social Security Administration generally precluded the employee from succeeding on a claim of disability discrimination under the NYSHRL. *See id.* Since that amendment, however, receipt of such disability benefits does not necessarily preclude an NYSHRL disability discrimination claim. *See Tse v. New York Univ.*, 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) (rejecting argument that the pursuit and receipt of disability benefits precludes an ADA reasonable accommodation claim because such a result "would be most unjust") (citation omitted).

It is unclear from the amended complaint whether Plaintiff was actually receiving disability benefits, and, if she was, whether such benefits were provided through a government program or through a short or long-term disability policy that Plaintiff held. At this stage, drawing all inferences in Plaintiff's favor, the Court cannot grant dismissal of the NYSHRL

10

failure to accommodate claim merely because Plaintiff alleges she received certain disability benefits. *See Nieman v. Syracuse Univ. Off. of Hum. Res.*, No. 5:12-CV-732, 2013 WL 2445098, *7 (N.D.N.Y. June 5, 2013) ("[T]he Court notes that . . . '[t]he Supreme Court has held that the pursuit and receipt of Social Security disability benefits, without more, neither estops the recipient from pursuing an ADA claim nor creates any special presumption against the recipient showing, for purposes of an ADA action, that with reasonable accommodation he or she could perform the essential functions of the job'") (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6-7 (2d Cir. 1999)).

Accordingly, Defendants' motion to dismiss the NYSHRL disability discrimination claim is denied.

C.     **NYSHRL Retaliation**

Defendants argue that Plaintiff's NYSHRL retaliation claim should be dismissed because neither taking FMLA leave nor requesting a reasonable accommodation are protected activities under the NYSHRL. *See* Dkt. No. 13-1 at 15-16. Plaintiff contends that although "the NYSHRL has historically not protected the activity of seeking or taking medical leave, the New York State Labor Law [("NYLL")] Section 215 has been amended to specifically cover such a claim." Dkt. No. 16 at 11. In response, Defendants argue that the NYLL is wholly inapplicable to NYSHRL retaliation claims because the NYSHRL requires an employee to oppose an employment practice prohibited by the NYSHRL, not a protected activity codified in the NYLL. *See* Dkt. No. 17 at 9. And, to the extent Plaintiff seeks to assert a new claim under the NYLL, Defendants argue that Plaintiff cannot assert a new cause of action or theory of liability in opposition to a motion to dismiss. *See id.* at 10.

11

To establish a prima facie case of retaliation under the NYSHRL, a plaintiff "must show that (1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the employee; and (4) a causal connection exists between the protected activity and the adverse action." *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 361-62 (S.D.N.Y. 2012) (citation omitted).

Here, to the extent that Plaintiff asserts that Defendants violated the NYSHRL by retaliating against her for taking FMLA leave, taking FMLA leave is not a protected activity under the NYSHRL. *See* N.Y. Exec. L. § 296(7) (making it an unlawful discriminatory practice for any person to retaliate or discriminate against any person because she has opposed any practices forbidden by the NYSHRL); *see also Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 262 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013) ("Plaintiff has failed to show that she engaged in any 'protected activity' as defined by federal, state, or city discrimination law. While she alleges that she was retaliated against for taking FMLA leave, this is not a 'protected activity under . . . the NYSHRL") (citation omitted); *Benson v. Ruttura & Sons Constr. Co. Inc.*, No. 20-cv-853, 2021 WL 1238712, *5 (E.D.N.Y. Mar. 31, 2021) ("[T]aking FMLA leave is not a protected activity under the NYSHRL") (citation omitted).

Additionally, a request for a reasonable accommodation is not a protected activity under the NYSHRL. *See D'Amico v. City of N.Y.*, 159 A.D.3d 558, 558-59 (1st Dep't 2018) (affirming dismissal of NYSHRL retaliation claim because a request for a reasonable accommodation is not a protected activity under the NYSHRL); *Hampson v. State Farm Mut. Auto Ins. Co.*, No. 1:12-CV-00258, 2015 WL 12733387, *17 (N.D.N.Y. Mar. 26, 2015) ("[A] request for reasonable accommodation is not a protected activity for purposes of a retaliation claim under the NYSHRL") (citation omitted).

Instead of addressing the deficiencies in the allegations underlying her NYSHRL retaliation claim, Plaintiff attempts to reframe this claim, arguing that she has asserted a viable claim for retaliation under Section 215 of the NYLL. *See* Dkt. No. 16 at 11. However, the amended complaint makes no reference to the NYLL and cannot be read to assert such a claim. *See, generally*, Dkt. No. 9. It is well-established that a plaintiff cannot amend her complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss. *See Tappin v. Metro. Sub. Bus Auth.*, No. 12-CV-2016, 2014 WL 1330649, *5 (E.D.N.Y. Mar. 31, 2014) (collecting cases).[4] Plaintiff does not request leave to amend her complaint to add an NYLL retaliation claim. Moreover, Plaintiff was put on notice of the deficiencies in her complaint at the pre-motion conference and was permitted to amend her complaint, at which time she was free to add claims. Therefore, to the extent Plaintiff's opposition to the motion to dismiss can be construed to request leave to amend to add an NYLL claim, such request is denied. *Bloom v. A360 Media LLC*, 735 F. Supp. 3d 466, 478 (S.D.N.Y. 2024) (concluding that the "plaintiff should not be granted leave to amend not only because [the] plaintiff has not requested leave to further amend but also because she has failed to correct in her already-amended complaint the deficiencies that were already brought to her attention") (citations omitted).

---

[4] To the extent Plaintiff's opposition can be read to argue that she has stated an NYSHRL retaliation claim because she has alleged retaliation under the NYLL, the NYLL is inapplicable to her NYSHRL claim. As discussed, a protected activity under the NYSHRL requires an employee to oppose an employment practice *prohibited under the NYSHRL*. *See* N.Y. Exec. L. § 296(7) ("It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices *forbidden under this article*") (emphasis added); *see also Richards v. City of N.Y.*, No. 1:19-CV-10697, 2021 WL 4443599, *8 (S.D.N.Y. Sept. 28, 2021) ("An employee engages in protected activity when he opposes employment practices prohibited under . . . the NYSHRL") (citation omitted). Plaintiff provides no legal support for her theory that a protected activity codified in the NYLL constitutes a protected activity under the NYSHRL.

13

Thus, Plaintiff has failed to state a claim for retaliation under the NYSHRL because she has not alleged that she engaged in a protected activity. Defendants' motion to dismiss the NYSHRL retaliation claim is granted.

**D.    FMLA Retaliation**

Defendants argue that the FMLA retaliation claim must be dismissed because Plaintiff cannot establish a causal connection between her termination and her FMLA leave. *See* Dkt. No. 13-1 at 17-18. Plaintiff does not address this argument and instead, "withdraws her claim for retaliation under the [FMLA]." Dkt. No. 16 at 12. To the extent Plaintiff seeks to invoke the voluntary dismissal contemplated by Fed. R. Civ. P. 41(a)(1)(A)(i), in an attempt to escape a dismissal with prejudice, her effort is stifled by her failure to file a proper notice of voluntary dismissal or a stipulation of dismissal signed by all parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).

Because Plaintiff has not opposed the motion insofar as it seeks dismissal of her FMLA retaliation claim, if Defendants' arguments in support of dismissal are facially meritorious, the claim must be dismissed. *See Johnson v. Lew*, No. 1:13-CV-1072, 2015 WL 4496363, *5 & n.6 (N.D.N.Y. July 23, 2015) ("In this District, when a non-movant willfully fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess[es] facial merit, which has appropriately been characterized as a modest burden"). The Court finds that Defendants have met this lightened burden.

In order to plead an FMLA retaliation claim, a plaintiff must allege that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances

14

giving rise to an inference of retaliatory intent. *See Potenza v. City of N.Y.*, 365 F.3d 165, 168 (2d Cir. 2004).

Here, Plaintiff's FMLA leave expired on November 26, 2023. *See* Dkt. No. 9 at ¶ 13.[5] Therefore, three months passed between the expiration of Plaintiff's FMLA leave and her termination on March 8, 2024. *See id.* The three months between the expiration of Plaintiff's FMLA leave and her discharge is too attenuated to infer a causal connection. *See Paupaw-Myrie v. Mt. Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 104 (S.D.N.Y. 2023) (holding that district courts within the Second Circuit have consistently held that the passage of several months between the protected activity and the adverse employment action does not allow for an inference of causation) (citing cases); *see also Sobon v. Horizon Eng'g Assocs., LLP*, No. 5:13-CV-1431, 2014 WL 4889340, *6 (N.D.N.Y. Sept. 30, 2014) ("'Although the Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation'") (quotation and other citations omitted).

Moreover, as Defendants note, the fact that Plaintiff received an additional month of leave following her twelve weeks of FMLA leave further casts doubt on any inference of retaliation. *See* Dkt. No. 13-1 at 18. Finally, the fact that Plaintiff was "on disability" and unable to return to work as of the date of her termination provides a legitimate, non-retaliatory reason as it relates to any FMLA retaliation claim. *See id.*; *Wanamaker v. Town of Westport Bd. Of Educ.*, 11 F. Supp. 3d 51, 73-74 (D. Conn. 2014) (holding that the plaintiff's inability to return to

---

[5] Defendants granted Plaintiff additional periods of leave in December 2023 and February 2024; however, these periods of leave were not protected under the FMLA. *See* Dkt. No. 13-1 at 12.

work at the expiration of her FMLA leave was a legitimate non-retaliatory for the defendant's termination of the plaintiff's employment).

Accordingly, Defendants' motion to dismiss Plaintiff's FMLA retaliation claim is granted.

## IV. CONCLUSION

After careful review of the pleadings, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED in part and DENIED in part** as follows:

> **GRANTED** as to Plaintiff's NYSHRL and FMLA retaliation claims; and
>
> **DENIED** as to Plaintiff's NYSHRL disability discrimination claim; and the Court further

**ORDERS** that Plaintiff's NYSHRL and FMLA retaliation claims are **DISMISSED** and that the only remaining claim is Plaintiff's NYSHRL disability discrimination failure to accommodate claim; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge